Decision and Journal Entry
{¶ 1} Appellant, Stephanie Maldonado, appeals from a judgment of the Lorain County Court of Common Pleas, Juvenile Division, that terminated her parental rights and placed her minor son in the permanent custody of Lorain County Children Services ("LCCS"). We affirm.
 {¶ 2} Maldonado is the natural mother of V.S., born December 27, 2001. Because Maldonado was incarcerated at the time of the child's birth and there were no suitable relatives or friends available to care for the child, V.S. was placed in the emergency temporary custody of LCCS the day after his birth. Through an entry filed March 25, 2002, the trial court determined that V.S. was a dependent child and placed him in the temporary custody of LCCS. On December 4, 2002, LCCS moved for permanent custody of V.S. due to Maldonado's continued incarceration, which was expected to continue for more than another eighteen months.
 {¶ 3} Following a hearing on the motion for permanent custody, the trial court terminated Maldonado's parental rights and placed V.S. in the permanent custody of LCCS. Maldonado appeals and raises one assignment of error.
Assignment of Error
"The Trial Court's Award Of Permanent Custody Of [V.S.] To [LCCS] Because There Was Clear And Convincing Evidence That The Child Could Not Be Placed With [his] Parent Within A Reasonable Time And That An Award of Permanent Custody Was In The Best Interest Of The [Child] [was] Not Supported By Clear And Convincing Evidence And Was Contrary To Law."
 {¶ 4} Maldonado contends that the trial court did not have evidence before it to support its decision to terminate her parental rights and place V.S. in the permanent custody of LCCS. Before a juvenile court can terminate parental rights and award to a proper moving agency permanent custody of a child, it must find clear and convincing evidence of both prongs of the permanent custody test: (1) that the child is abandoned, orphaned, has been in the temporary custody of the agency for at least twelve months of the prior twenty-two months, or that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on an analysis under R.C.2151.414(E); and (2) the grant of permanent custody to the agency is in the best interest of the child, based on an analysis under R.C.2151.414(D). See R.C. 2151.414(B)(1) and 2151.414(B)(2); see, also, In reWilliam S. (1996), 75 Ohio St.3d 95, 99.
 {¶ 5} Maldonado challenges the trial court's finding only on the first prong of the permanent custody test, that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. The trial court made this finding pursuant to R.C.2151.414(E)(12), which provides, in relevant part:
"(E) * * * If the court determines, by clear and convincing evidence, * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
* * *
"(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing."
 {¶ 6} The trial court specifically found that "[m]other remains incarcerated with an anticipated release date of August, 2004. As a result, mother is presently unable to assume the care and custody of [V.S.] and is not likely to be in a position to provide for him in a reasonable period of time." Maldonado contends that the trial court should not have found that R.C. 2151.414(E)(12) was satisfied because the evidence established that she would be released from incarceration in less than eighteen months after the dispositional hearing.
 {¶ 7} R.C. 2151.414(E)(12) provides two alternative dates from which the eighteen-month period of incarceration can run: the date of the filing of the motion for permanent custody "or" the date of the dispositional hearing. R.C. 1.42 provides that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." See, also, Sears v. Weimer (1944), 143 Ohio St. 312, paragraph five of the syllabus. The word "or" is most commonly used in the disjunctive and is used to indicate an alternative between different things or a choice between alternatives. Webster's Third New International Dictionary (1993) 1585. Consequently, R.C. 2151.414(E)(12) is satisfied if the parent was incarcerated either at the time that the motion for permanent custody was filed or the date of the dispositional hearing and will continue to be incarcerated or otherwise will be unavailable to care for the child for at least eighteen months from that date.
 {¶ 8} Other than noting that there was evidence that she may be released earlier than August 2004, Maldonado doesn't dispute the basic facts before the court on this issue. The undisputed evidence demonstrated that Maldonado was incarcerated at the time that LCCS filed the motion for permanent custody on December 4, 2002 and that she has a definite release date of August 7, 2004. Even if the court accepted Maldonado's testimony that she may be released early due to "good days" that she had earned for attending school while incarcerated, her own testimony was that she will continue to be incarcerated until at least July 2004, which is more than eighteen months after LCCS filed the motion for permanent custody. Consequently, the trial court had clear and convincing evidence before it that the first prong of the permanent custody test was satisfied pursuant to R.C. 2151.414(E)(12). The assignment of error is overruled.
Judgment affirmed.
SLABY, P. J., WHITMORE, J. CONCUR.