OPINION
{¶ 1} Appellants, V.D. and J.S.D., appeal the decision of the Clinton County Court of Common Pleas, Juvenile Division, granting permanent custody of their son ("L.D.") to Clinton County Children Services ("CCCS"). We affirm the decision for the reasons outlined below.
 {¶ 2} L.D. was born on December 5, 2001. At 26 weeks of age, CCCS[1] became involved with the family because of concerns about L.D.'s on-going multiple medical needs. L.D. is blind and at the time of the complaint had chronic lung disease, required a breathing tube, was fed through a gastric tube, and needed various medications.
 {¶ 3} Through a mediation process, the parties came to an agreement on September 27, 2002, and L.D. was adjudicated a dependent child, based upon appellants' "initial reluctance to comply with the recommendations of various medical professionals regarding the best care for [L.D.]."
 {¶ 4} As part of the disposition, L.D. was returned to appellants' care with CCCS ordered to provide protective supervision. Appellants began receiving visits in their home from another agency providing medical assistance. A case plan was adopted.
 {¶ 5} A few days later on October 1, 2002, CCCS sought and obtained an order for emergency custody after CCCS learned that appellants had left the state with L.D. without notifying the agency or the trial court. Appellants were located in Wisconsin, where L.D. had been hospitalized for issues related to his medical problems. L.D. was eventually returned to Ohio and placed in the same foster home that cared for him before he was returned to appellants. Appellants remained in Wisconsin.
 {¶ 6} Appellants contacted CCCS very infrequently after custody of L.D. was returned to CCCS in early October 2002. Appellants did not attend any of the 60 potential visits available with L.D. in Ohio.
 {¶ 7} CCCS filed a motion for permanent custody in 2003 and a permanent custody hearing was held in January 2004. Appellants were present and represented by appointed counsel. The trial court issued its decision and entry on February 19, 2004, granting permanent custody to CCCS and terminating appellants' parental rights to L.D. Appellants appeal the decision, setting forth two assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "The trial court erred when it found that the provisions of ohio revised code § 2151.414(B) applied where the Clinton County Children's Services Board failed to implement a reasonable case plan to assist the parents in remedying the problems that initially caused the child to be placed outside the home as required in § 2151.414(E)(1)."
 {¶ 10} R.C. 2151.414(E)(1) states, in part, that a trial court may determine whether a child cannot be placed with either parent within a reasonable time or should not be placed with either parent by reviewing whether the parents failed to remedy the conditions that resulted in the child's removal notwithstanding reasonable case planning and diligent efforts by the agency.
 {¶ 11} In this case, CCCS filed a motion for permanent custody under R.C. 2151.413(D)(1), which states that an agency holding temporary custody of a child for 12 or more months of a consecutive 22-month period shall file a motion for permanent custody.
 {¶ 12} Under R.C. 2151.414(B)(1), the trial court may terminate parental rights and award permanent custody of the child to an agency if two statutory factors are satisfied by clear and convincing evidence as follows: 1) the grant of permanent custody to the agency is in the best interest of the child, utilizing, in part, the factors of R.C. 2151.414(D), and 2) any of the following apply: the child is not abandoned or orphaned or been in agency temporary custody for at least 12 months of a consecutive 22-month period and cannot be placed with either parent within a reasonable time or should not be placed with either parent, based on certain factors; the child is abandoned, the child is orphaned, or the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period. R.C. 2151.414(B)(1)(a), (b), (c) and (d); In re Ebenschweiger, Butler App. No. JN2001-0373,2003-Ohio-5990, at ¶ 12; In re V.S., Lorain App. No. 03CA008273, 2003-Ohio-5612.
 {¶ 13} The trial court in this case found first that L.D. had been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period, and also found that L.D. had been abandoned by appellants.[2] R.C. 2151.414(B)(1)(b) and (c).
 {¶ 14} The finding that the child has been in temporary custody for at least 12 months of a consecutive 22-month period precludes a determination required by R.C. 2151.414(E) of whether the parent has remedied the conditions which caused the removal of the children. In re Nice, 141 Ohio App.3d 445, 459,2001-Ohio-3214; In re C.N., Cuyahoga App. No. 81813, 2003-Ohio-2048, at ¶ 22; In re Katrina T., Sandusky App. No. S-03-024, 2004-Ohio-3164, at ¶ 14.
 {¶ 15} Under R.C. 2151.414(B)(1), when a child has been in temporary custody for at least 12 months, the trial court was only required to find by clear and convincing evidence that permanent custody was in the child's best interest. Antonio C.and Angelica C., Sandusky App. Nos. S-03-011, S-03-012, 2004-Ohio-82, at ¶ 52.
 {¶ 16} Accordingly, the trial court was not required to conduct an analysis under R.C. 2151.414(E)(1).[3] There was no error by the trial court. Appellants' first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "The trial court erred when it found that [L.D.] was abandoned by his parents where Clinton County Children's Services Board placed the child in foster care nearly 500 miles from parents' residence, the parents did not have sufficient funds to have a telephone in their home nor funds with which to travel to see the child."
 {¶ 19} R.C. 2151.011(C) defines "abandoned" for purposes of the chapter as "a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than 90 days, regardless of whether the parents resume contact with the child after that period of 90 days."
 {¶ 20} Appellants argue that they were unable to contact or visit with their child because they did not have the means to do so and the child was placed "500 miles away" from them.
 {¶ 21} The trial court found by clear and convincing evidence that L.D. was an abandoned child under R.C. 2151.011 and R.C.2151.414(B)(1), because the parents had not visited with or sent cards or gifts to L.D. for the 15 months he had been in the agency's temporary care. The trial court noted that CCCS mailed calendars to appellants listing the dates available for appellants' visitation, but appellants did not respond. The trial court also found that the father stopped by the agency once during this period and called by telephone three times, but did not inquire or arrange any visits. The father testified that he did not have a phone, that he did inquire about L.D. the few times he called, and that the time he was in Ohio, he was on business and could not visit.
 {¶ 22} After reviewing the record, we find that the trial court did not err in finding by clear and convincing evidence that L.D. was abandoned. The second assignment of error is overruled.
 {¶ 23} The trial court did not err in granting permanent custody to CCCS and by terminating appellants' parental rights to L.D.
Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] While some references in the case file list appellee as Clinton County Children's Services Board, many of the filings and the trial court used Clinton County Children Services or "CCCS," and we will use that reference for purposes of this appeal.
[2] The trial court also found that it was in L.D.'s best interest for CCCS to receive permanent custody, but that is not the subject of this assignment of error.
[3] The trial court did indicate in its decision and entry that CCCS had made "reasonable case planning efforts and that the parents have made no effort to complete the case plan."