OPINION
{¶ 1} Appellant, K.F., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, terminating her parental rights and granting permanent custody of her son, A.F., to the Butler County Children Services Board ("BCCSB").[1] We affirm the trial court's decision.
 {¶ 2} A.F. was born to appellant on December 21, 1999. BCCSB first initiated an investigation in September 2002 upon receiving a report that A.F., then two years old, was observed to have burns from cigarettes and a crack pipe, had been locked out of his home for hours, and was living in filthy conditions. Police removed him from the home on September 24, 2002 upon observing the burn marks, and BCCSB was granted temporary custody.
 {¶ 3} In February 2003 A.F. was adjudicated a dependent child and a case plan was adopted with the goal of reunifying him with appellant. Appellant was granted visitation and was required to complete case plan services, including participation in a substance abuse evaluation, substance abuse counseling, and parenting classes. Appellant, who had struggled with drug dependency issues for some time, initially made progress toward her case plan goals. However she failed to successfully complete drug treatment programs on three occasions. She relapsed and began abusing drugs again when her mother died. She failed to have any contact with A.F. between June and November 2004, the period when she relapsed. Appellant was unable to maintain a stable residence and spent a substantial amount of time living "on the streets."
 {¶ 4} In July 2004, upon appellant's relapse, BCCSB filed a motion seeking permanent custody of A.F. A hearing was held on the motion in January 2005. Upon consideration of the evidence which included the testimony of appellant and various social service providers, and the recommendation of the guardian ad litem, the trial court granted BCCSB's motion for permanent custody. The trial court concluded that it was in A.F.'s best interest that the BCCSB be granted permanent custody, that A.F. had been in BCCSB's temporary custody for 24 consecutive months, and that appellant had abandoned him. Appellant appeals, raising a single assignment of error:
 {¶ 5} "THE TRIAL COURT'S DECISION TO GRANT BCCSB PERMANENT CUSTODY IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
 {¶ 6} Before severing a parent's constitutionally protected liberty interest in the care and custody of his or her children, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met. Santosky v. Kramer
(1982), 455 U.S. 745, 759, 102 S.Ct. 1388. Clear and convincing evidence requires that the proof produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. Appellate review of a trial court's decision finding clear and convincing evidence is limited to determining whether "sufficient credible evidence" exists to support the trial court's determination. In re Ament (2001),142 Ohio App.3d 302, 307; In re Starkey, 150 Ohio App.3d 612,2002-Ohio-6892, ¶ 16.
 {¶ 7} R.C. 2151.414(B) requires the juvenile court to apply a two-part test when terminating parental rights and awarding permanent custody to a children services agency. Specifically, the trial court must find that: (1) the grant of permanent custody to the agency is in the best interest of the children, utilizing, in part, the factors of R.C. 2151.414(D); and, (2) any of the following apply: the child cannot be placed with either parent within a reasonable time or should not be placed with either parent; the child is abandoned; the child is orphaned; or the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period. R.C. 2151.414(B)(1)(a) — (d); Inre Ebenschweiger, Butler App. NO. CA2003-04-080, 2003-Ohio-5990 at ¶ 12.
 {¶ 8} In the present case, the juvenile court found that it was in the child's best interest to grant the motion for permanent custody, and that at least two of the R.C. 2151.414(B)(1) requisites were applicable. First, the trial court found that pursuant to R.C. 2151.414(B)(1)(a), the child could not be placed with either parent within a reasonable amount of time. And second, pursuant to R.C. 2151.414(B)(1)(d), the child had been in the custody of BCCSB for more than 12 months of a consecutive 22-month period.
 {¶ 9} Under R.C. 2151.414(B)(1), when a child has been in temporary custody for at least 12 months of a consecutive 22-month period, a juvenile court is only required to find by clear and convincing evidence that permanent custody is in the child's best interest. In re L.D.,
Clinton App. No. CA2004-03-007, 2004-Ohio-4000, ¶ 14-15. The finding that the child has been in temporary custody for this period obviates consideration of whether the parent has remedied the conditions which caused the removal of the child, and whether the child could not, or should not be placed with the parent. Id., citing In re Nice,141 Ohio App.3d 445, 459, 2001-Ohio-3214.
 {¶ 10} In the present case, clear and convincing evidence established that A.F. was in the temporary custody of BCCSB for 12 or more months of a consecutive 22-month period. He had in fact been in BCCSB's custody for 24 consecutive months. Consequently, even though the juvenile court addressed other factors under R.C. 2151.414(B)(1), it was unnecessary to the resolution of this case. See In re K.M., Butler App. No. CA2004-02-052, 2004-Ohio-4152, ¶ 51, citing Nice at 449. See, also, Inre C.N., Cuyahoga App. No. 81813, 2003-Ohio-2048, ¶ 2; In re Sarah S.,
Erie App. Nos. E-02-052, E-02-053, E-02-054, 2003-Ohio-4730, ¶ 13.
 {¶ 11} We are thus left to review whether there was clear and convincing evidence that granting the motion for permanent custody was in the child's best interest. R.C. 2151.414(D) provides that in considering the best interest of a child in a permanent custody hearing, "the court shall consider all relevant factors, including, but not limited to the following:
 {¶ 12} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 13} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 14} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ;
 {¶ 15} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 16} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 17} Viewing the facts of this case in light of the above factors, it is clear that, although appellant's love for A.F. is sincere, it is in his best interest that BCCSB be granted permanent custody. During periods when she was sober, appellant's bond with A.F. was apparent. However appellant's relapse into drug abuse, and subsequent failure to visit A.F. seriously impacted the mother-child relationship. See 2151.414(D)(1). A.F. is in need of a legally secure placement given appellant's failure to maintain a stable living situation and failure to remain sober. See 2151.414(D)(4). Appellant abandoned A.F. when she failed to have any contact with him between June and November 2004. See R.C. 2151.011(C);2151.414(D)(5). As noted earlier he has been in BCCSB's custody for more than12 consecutive months of an 18-month period. See 2151.414(D)(3). Finally, while A.F. was too young to express his wishes, his guardian ad litem recommended to the court that BCCSB be granted permanent custody. See 2151.414(D)(2).
 {¶ 18} Having thoroughly reviewed the record, we find that sufficient credible evidence supports the trial court's determination that it is in A.F.'s best interest to be permanently placed in the custody of BCCSB. The trial court made findings related to the applicable statutory factors set forth in R.C. 2141.414(D) and (E), which are supported by the evidence. The assignment of error is overruled.
 {¶ 19} Judgment affirmed.
Young and Bressler, JJ., concur.
[1] The child's father did not make an appearance in this matter and is not a party to this appeal.