OPINION
{¶ 1} Appellant, William R., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of his minor child to the Butler County Children Services Board ("BCCSB"). We affirm the juvenile court's decision. *Page 2 
 {¶ 2} Appellant is the biological father of K.E., born on March 13, 2005.[1] On March 14, 2005, BCCSB filed a complaint in the juvenile court alleging that K.E. is dependant, as the child's older sibling, CE., had been adjudicated a dependent child on March 18, 2004, and a hearing on BCCSB's motion for permanent custody of CE. had been scheduled for March 5, 2005.[2] Further, the complaint alleged that K.E.'s mother could not adequately care for the child, and that BCCSB was concerned with appellant's ability to parent. The trial court granted emergency temporary custody of K.E. to BCCSB, and scheduled a shelter care hearing. The child's parents later waived their right to shelter care and probable cause hearings, and K.E. remained in the temporary custody of BCCSB. On November 7, 2005, K.E. was adjudicated a dependent child, and BCCSB moved for permanent custody of K.E. the next day. The case plan for reunification with CE. was extended to include reunification with K.E., and required both parents to participate in counseling and psychological evaluations, complete parenting skills programs, maintain adequate employment or income, and maintain stable housing.
 {¶ 3} After a hearing, the magistrate found that based on clear and convincing evidence, it is in K.E.'s best interest that BCCSB be granted permanent custody, and that the child cannot and should not be placed with either parent within a reasonable time. Appellant filed objections to the magistrate's decision, and on March 5, 2007, the juvenile court overruled the objections and adopted the magistrate's decision. Appellant appeals the juvenile court's decision, raising three assignments of error. Because they are related, we discuss appellant's second and third assignments of error together. *Page 3 
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ALLOWED ALL OF EXHIBIT 9-06B INTO EVIDENCE, INCLUDING HEARSAY, WITHOUT AUTHENTICATION AND WITHOUT GIVING THE PARENTS AN OPPORTUNITY TO CROSS-EXAMINE THE AUTHORS."
 {¶ 6} Appellant maintains that the trial court improperly admitted into evidence Exhibit 9-06B ("exhibit"), which includes psychological reports from evaluations of both appellant and K.E.'s mother, and status reports, evaluations, and assessments from various life skills development courses that involved appellant and K.E.'s mother.
 {¶ 7} The trial court admitted the exhibit pursuant to its Loc.R. 51, which provides in relevant part:
 {¶ 8} "Objection to the admissibility of any document will be deemed to be waived in any court hearing, other than delinquent child or criminal proceedings, under the following circumstances:
 {¶ 9} "(1) The document was provided to opposing counsel or the opposing party if pro se at least fourteen (14) days before the hearing, and
 {¶ 10} "(2) The party opposing introduction of the document into evidence has not filed a written objection to the introduction of the document at least seven (7) days before the hearing setting forth the particular objections raised."
 {¶ 11} According to the record, BCCSB complied with Loc.R. 51 by providing appellant with this evidence at least 14 days before the hearing, and appellant did not file a written objection to the admission of this evidence. However, during the hearing, appellant orally objected to the exhibit. The magistrate took the matter under advisement, and then overruled appellant's objection.
 {¶ 12} When an objection to the admissibility of evidence is not properly raised at trial, *Page 4 Butler CA2007-03-069 the issue is deemed to be waived. See In re StaceyS., 136 Ohio App.3d 503, 516, 1999-Ohio-989. Generally, the failure to timely object to the admissibility of the exhibit results in the waiver of the issue for purposes of appeal, unless the plain error doctrine is applicable. In re Z.T., Cuyahoga App. No. 88009, 2007-Ohio-827, ¶ 19;In re J.J., Butler App. No. CA2005-12-525, 2006-Ohio-2999, ¶ 8. We find the magistrate properly overruled appellant's untimely objection to the admissibility of the exhibit, because appellant failed to object in writing to its admissibility pursuant to the juvenile court's local rule. Because we find no error, we need not continue under a plain error analysis. See State v. Hill (2001), 92 Ohio St.3d 191, 200.
 {¶ 13} Also, appellant is misplaced in his argument that admission of the exhibit violates his right to confront and cross-examine adverse witnesses. As we stated in In re House (Feb. 24, 1992), Butler App. Nos. CA91-01-016, CA91-02-022, 11:
 {¶ 14} "The Sixth Amendment provides, in pertinent part, "[i]n allcriminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him."(Emphasis added.) The right of cross-examination is one of the primary interests secured by the Confrontation Clause. Douglas v. Alabama (1965), 380 U.S. 415, 418,85 S.Ct. 1074, 1076. However, proceedings instituted in a juvenile court are civil in nature and not criminal. Cope v. Campbell (1964),175 Ohio St. 475. Since an action commenced in juvenile court is by definition non-criminal, the Sixth Amendment is inapplicable and the right to confrontation and cross-examination does not attach.
 {¶ 15} Appellant's first assignment of error is overruled.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE COURT VIOLATED THE PARENT'S CONSTITUTIONAL RIGHTS, ERRED AS A MATTER OF FACT AND LAW, AND ABUSED ITS DISCRETION WHEN IT FOUND TERMINATING THE RIGHTS OF APPELLANT WITHOUT REQUIRING THAT *Page 5 Butler CA2007-03-069 CHILDREN'S SERVICES FIRST MAKE REASONABLE EFFORTS TO PROVIDE PARENTING TRAINING RELATIVE TO THE COGNITIVE ABILITIES AND SPECIAL NEEDS INVOLVED."
 {¶ 18} Assignment of Error No. 3:
 {¶ 19} "THE COURT'S DECISION AND ORDER OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND FAILED TO MEET THE REQUISITE CLEAR AND CONVINCING STANDARD."
 {¶ 20} Before a natural parent's constitutionally protected liberty interest in the care and custody of his child may be terminated, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met. Santosky v.Kramer (1982), 455 U.S. 745, 759, 102 S.Ct. 1388. An appellate court's review of a juvenile court's decision finding clear and convincing evidence is limited to whether sufficient credible evidence exists to support the juvenile court's determination. In re Starkey,150 Ohio App.3d 612, 2002-Ohio-6892, ¶ 16. A reviewing court will reverse a finding by the juvenile court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. In reRodgers (2000), 138 Ohio App.3d 510, 520.
 {¶ 21} R.C. 2151.414(B) requires the juvenile court to apply a two-part test when terminating parental rights and awarding permanent custody to a children services agency. Specifically, the trial court must find that: 1) the grant of permanent custody to the agency is in the best interest of the child, utilizing, in part, the factors of R.C.2151.414(D); and, 2) any of the following apply: the child cannot be placed with either parent within a reasonable time or should not be placed with either parent; the child is abandoned; the child is orphaned; or the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period. R.C.2151.414(B)(1)(a), (b), (c) and (d); In re Schaefer, 11 Ohio St.3d 498,2006-Ohio-5513, ¶ 31-36; In re Ebenschweiger, Butler App. No. CA2003-04- *Page 6 
080, 2003-Ohio-5990, ¶ 9.
 {¶ 22} With respect to the first part of the test, R.C. 2151.414(D) provides that in considering the best interest of a child in a permanent custody hearing, "the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 23} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 24} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 25} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 26} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 27} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 28} The magistrate's decision indicates that she considered each of the factors listed in R.C. 2151.414(D) in finding that it is in the child's best interest that BCCSB be granted permanent custody. First, the magistrate analyzed R.C. 2151.414(D)(1), and found that K.E. had been residing with her foster parents and her older brother for the previous 18 months, and was bonded with them. Also, the magistrate noted that K.E.'s foster parents wish to adopt both K.E. and the child's sibling. Further, the magistrate found that appellant and K.E.'s mother demonstrated a close bond with the child, but that all of the service providers who supervised visitations between them continue to be concerned regarding both *Page 7 
parents' abilities to meet K.E.'s developmental needs.
 {¶ 29} With respect to R.C. 2151.414(D)(2), the magistrate found that K.E. was too young to express her wishes. The magistrate indicated that she considered the guardian ad litem's report, which recommended that BCCSB be granted permanent custody.
 {¶ 30} Next, the magistrate found that under R.C. 2151.414(D)(3), K.E. had been in the temporary custody of BCCSB since March 13, 2005, and had been residing with her foster parents since that day. The magistrate noted that K.E. had been in the temporary custody of BCCSB for almost eight months as of the date BCCSB sought permanent custody, and 18 months as of the beginning of the permanent custody hearing.
 {¶ 31} The magistrate then found that under R.C. 2151.414(D)(4), K.E. was in need of legally secure placement as she had been in foster care for 18 months, and that this type of placement could not be achieved without granting BCCSB permanent custody. The magistrate again noted the parents' bond with K.E., but found that both parents lacked the adequate parenting skills to meet K.E.'s developmental needs. The magistrate observed that both parents were terminated from multiple living skills development programs for non-attendance and noncooperation. In addition, while the parents attended supervised visitations with K.E., neither parent demonstrated the ability to keep K.E. safe and secure enough to advance to unsupervised visitations. The magistrate was particularly troubled that the parents were unable to meet K.E.'s developmental needs, given the child's developmental delays. The magistrate also noted that no appropriate biological relatives were available to provide a home for K.E.
 {¶ 32} The magistrate also analyzed R.C. 2151.414(D)(5), which requires the court to consider whether any of the factors in R.C.2151.414(E)(7) — (11) apply. Of these factors, the magistrate found that R.C. 2151.414(E)(11) applies, as BCCSB had previously been granted permanent custody of K.E.'s older sibling, CE. See In re CE., Butler App. Nos. *Page 8 
 {¶ 33} In addition, the court found that pursuant to R.C.2151.414(E)(1), neither parent remedied the conditions that caused K.E. to be removed from their care. The magistrate found that while both parents made some progress in their case plans for reunification with K.E., neither parent completed the case plan. We are not persuaded by appellant's argument that BCCSB did not make reasonable efforts to prevent the removal or return of K.E. to appellant's care. On the contrary, the evidence indicates that BCCSB did make such reasonable efforts, and that appellant failed to take advantage of them to the extent necessary to be reunified with K.E.
 {¶ 34} After considering these factors, the magistrate found that clear and convincing evidence supports the finding that granting permanent custody to BCCSB is in K.E.'s best interest. We find that the record contains sufficient credible evidence to support this finding.
 {¶ 35} With respect to the second part of the test, the court applied R.C. 2151.414(B)(1)(d), which, as stated above, involves a consideration of whether the child cannot be placed with either parent within a reasonable time or should not be placed with either parent; the child is abandoned; the child is orphaned; or the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period.
 {¶ 36} In considering these factors and the evidence presented, the magistrate concluded that K.E. cannot and should not be placed with either parent within a reasonable time. After reviewing the record, including the evidence discussed above, we find that this conclusion is supported by sufficient credible evidence.
 {¶ 37} Appellant's second and third assignments of error are overruled.
 {¶ 38} Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] We note that the child's mother, Connie E., is not a party to this appeal.
[2] BCCSB's motion for permanent custody was ultimately granted, and this court affirmed the juvenile court's decision in In re C.E., Butler App. Nos. CA2006-01-015, CA2006-02-024, 2006-Ohio-4827. *Page 1