OPINION
{¶ 1} Appellant, Timothy A., appeals the decision of the Warren County Court of Common Pleas, Juvenile Division, granting permanent custody of his two minor children to appellee, Warren County Children Services ("WCCS").
 {¶ 2} Appellant is the biological father of J.A. and N.A. Brandi E. is the biological mother of both children, but she is not a party to this appeal. On October 7, 2005, J.A was *Page 2 
removed from the home of his maternal aunt due to drug abuse in that home. At that time, both parents were homeless. On that date, WCCS filed a complaint, alleging that J.A. is a neglected and dependent child. On October 10, 2005 the juvenile court awarded emergency temporary custody of J.A. to WCCS. On December 12, 2005, the juvenile court adjudicated J.A. dependent, and awarded temporary custody of the child to WCCS.
 {¶ 3} N.A. was removed from her parents' care at birth on November 25, 2005, after both she and her mother tested positive for cocaine. On November 28, 2005, WCCS filed a complaint alleging that N.A. is a neglected and dependent child, and that day the juvenile court awarded emergency temporary custody of N.A. to WCCS. On January 31, 2006, the juvenile court adjudicated N.A. dependent and neglected, and awarded temporary custody of the child to WCCS.
 {¶ 4} WCCS prepared a case plan for reunifying the children with their parents that required both parents to obtain and maintain housing, attend parenting classes, undergo psychological evaluations and follow through with any recommendations resulting from the evaluations, and to submit to drug and alcohol assessments. Further, appellant was required to complete an anger management course.
 {¶ 5} On May 21, 2007, WCCS filed a motion seeking permanent custody of the children, alleging that granting permanent custody of the children is in their best interest because their parents failed continuously and repeatedly to substantially remedy the conditions causing the children to be placed outside the home. On August 20, 2007, the juvenile court granted the motion for permanent custody. Appellant appeals the juvenile court's decision, raising the following assignment of error:
 {¶ 6} "THE TRIAL COURT ERRED IN FINDING, BY CLEAR AND CONVINCING EVIDENCE, THAT THE BEST INTERESTS OF THE CHILD, AS DEFINED BY THE FACTORS SET FORTH IN R.C. [SECTION] 2151.414(D), REQUIRED GRANTING *Page 3 
PERMANENT CUSTODY TO WARRANT COUNTY CHILDREN SERVICES."
 {¶ 7} Before a natural parent's constitutionally protected liberty interest in the care and custody of his child may be terminated, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met. Santosky v.Kramer (1982), 455 U.S. 745, 759, 102 S.Ct. 1388. An appellate court's review of a juvenile court's decision granting permanent custody is limited to whether sufficient credible evidence exists to support the juvenile court's determination. In re Starkey, 150 Ohio App.3d 612,2002-Ohio-6892, ¶ 16. A reviewing court will reverse a finding by the juvenile court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. In re Rodgers
(2000), 138 Ohio App.3d 510, 520.
 {¶ 8} R.C. 2151.414(B) requires the juvenile court to apply a two-part test when terminating parental rights and awarding permanent custody to a children services agency. Specifically, the court must find that: 1) the grant of permanent custody to the agency is in the best interest of the child, utilizing, in part, the factors of R.C. 2151.414(D); and, 2) any of the following apply: the child cannot be placed with either parent within a reasonable time or should not be placed with either parent; the child is abandoned; the child is orphaned; or the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period. R.C. 2151.414(B)(1)(a), (b), (c) and (d);In re Schaefer, 111 Ohio St.3d 498, 2006-Ohio-5513, ¶ 31-36; In reEbenschweiger, Butler App. No. CA2003-04-080, 2003-Ohio-5990, ¶ 9.
 {¶ 9} The juvenile court found by clear and convincing evidence, and appellant does not dispute, that both children were abandoned and that both had been in the temporary custody of WCCS for more than 12 months of a consecutive 22-month period as of the date WCCS filed the permanent custody motion. However, appellant does dispute the juvenile court's finding that granting permanent custody is in the best interest of the children. *Page 4 
 {¶ 10} Accordingly, we must determine whether there was clear and convincing evidence that granting the motion for permanent custody was in the children's best interest. R.C. 2151.414(D) provides that in considering the best interest of a child in a permanent custody hearing, "the court shall consider all relevant factors, including, but not limited to the following:
 {¶ 11} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 12} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 13} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 14} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 15} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 16} Specifically, appellant challenges the trial court's finding that the children's need for a legally secure permanent placement cannot be achieved without granting permanent custody to WCCS. After reviewing the record, we find sufficient, credible evidence supports the juvenile court's finding.
 {¶ 17} According to the record, appellant failed to complete many of the required case plan services. Specifically, appellant failed to submit to drug and alcohol assessments or a psychological evaluation, and failed to complete an anger management course. While *Page 5 
appellant had satisfied the parenting course requirement and had obtained stable housing, he abandoned visitations in February 2007, and he was incarcerated at the time of the permanent custody hearing. Further, appellant admitted that it was his frequent drug use that caused him to abandon visitations with his children, that he recently served jail time for testing positive for drug use, and that the cause for his current incarceration was related to drug use.
 {¶ 18} Also, the record indicates that Brandi did not complete all required case plan services. While Brandi did submit to drug and alcohol assessments, she was discharged from the treatment program after she failed substance screening and stopped attending the treatment sessions. Brandi also satisfied the parenting course requirement and obtained stable housing, but she abandoned visitations in February 2007, was not present at the permanent custody hearing, and failed to appeal the juvenile court's decision granting permanent custody of the children.
 {¶ 19} While both parents showed some willingness to complete some case plan services, neither parent has been willing to address their substance abuse problems, which is the reason the children were removed from the home. After reviewing the record, including the facts above, we find that the juvenile court did not err in finding that the children's need for legally secure permanent placement cannot be met without granting permanent custody to WCCS.
 {¶ 20} Appellant has not challenged the remaining findings of the juvenile court pursuant to R.C. 2151.414(D). However, we find that these findings are likewise supported by sufficient, credible evidence. Appellant's assignment of error is overruled.
 {¶ 21} Judgment affirmed.
 WALSH and POWELL, JJ., concur. *Page 1