OPINION JUDGMENT ENTRY
{¶ 1} Appellant Shannon Sunderman appeals from the February 9, 2004, Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of appellant's two children to the Stark County Department of Job and Family Services (hereinafter SCDJFS). Appellee is SCDJFS.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This case involves two minor children of Shannon Sunderman: Shawn Sunderman, d.o.b. October 25, 1994, and Anthony Daniels, d.o.b. May 13, 1997. The alleged father of Shawn is Karim Carter. The alleged father of Anthony is William Daniels. Mr. Carter ad Mr. Daniels are not involved in this appeal.
 {¶ 3} On March 15, 2001, the two children were found to be dependent. At that time, the SCDJFS was awarded protective supervision of Shawn and Anthony. Temporary custody was awarded to the agency on December 21, 2001, after a post-dispositional pickup. On May 12, 2003, the children were placed in Planned Permanent Living Arrangement (PPLA) status.
 {¶ 4} On October 20, 2003, SCDJFS filed a motion to modify to permanent custody. A hearing on the motion was held on January 20, 2004. Subsequent to the hearing, on February 9, 2004, the trial court issued its Judgment Entry and Findings of Fact and Conclusions of Law, thereby granting permanent custody of the two children to SCDJFS. The trial court found that both children had been in the custody of SCDJFS since December, 2001. Thus, the trial court found that the children had been in the custody of SCDJFS for 12 of the last 22 months. In addition, the trial court found that appellant continued to have a substance abuse problem. Specifically, the trial court found that appellant had tested positive on 22 of 24 tests for marijuana. In addition, the trial court found that none of the parents had provided for the children's care or regularly visited with the children, specifically finding that appellant had not completed her case plan. As to the children and their best interest, the trial court found that both children were in good physical health but Shawn was in treatment for behavior problems and Anthony was in treatment for ADHD. In addition, while the children were found to be bonded to appellant and each other, the children's counselor and a social worker from SCDJFS testified that the children needed permanency. In addition, the trial court noted that the Guardian Ad Litem had recommended permanent custody be granted to SCDJFS.
 {¶ 5} Thus, it is from the February 9, 2004, grant of permanent custody to SCDJFS that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. Apellant was denied her due process rights under the united states constitution when the court denied her the opportunity to fully present her case.
 {¶ 7} "II. The trial court erred in finding that the minor children cannot or should not be placed with appellant within a reasonable time.
 {¶ 8} "III. The judgment of the trial court that the best interest of the minor child [sic] would be served by the granting of permanent custody was against the manifest weight and sufficiency of the evidence."
 {¶ 9} As a preliminary matter, we will set forth a statement of the applicable law. Revised Code 2151.414(B)(1) addresses under what circumstances a trial court may grant permanent custody. It provides as follows:
 {¶ 10} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 11} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 12} "(b) The child is abandoned.
 {¶ 13} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 14} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 15} In determining the best interest of the children, R.C.2151.414(D) provides: the court must consider all relevant factors, including, but not limited to, the following:
 {¶ 16} "(1) The interaction and interrelationship of the child and his parents, siblings, relatives, foster parents and out-of-home providers, any other person who may significantly effect the child;
 {¶ 17} "(2) The wishes of the child, as expressed directly or indirectly by the child or through his guardian ad litem, with due regard for the maturity of the child;
 {¶ 18} "(3) The custodial history of the child;
 {¶ 19} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the Agency."
 I {¶ 20} In the first assignment of error, appellant contends that her due process rights were violated when the trial court denied her the opportunity to fully present her case. Specifically, appellant argues that the trial court violated her rights when 1) it denied appellant the opportunity to call a witness or to continue the case until the witness could be located; and 2) during the best interest portion of the hearing, it refused to permit appellant to call Shawn Sunderman, appellant's 9 year old child, as a witness.
 {¶ 21} We will first address appellant's argument that her due process rights were violated when the trial court denied appellant the opportunity to call a witness, namely, Dr. Robin Tener, or to continue the hearing until Dr. Tener could be located.
 {¶ 22} Both SCDJFS and appellant had issued a subpoena for Dr. Tener. At the end of the first phase of the permanent custody hearing, the following exchange occurred:
 {¶ 23} [BY THE COURT:] "At this time we'll move to Best Interest then. You may call your first witness.
 {¶ 24} "BY MS. COMPTON [for SCDJFS]: Your Honor, I just for —
 {¶ 25} "(Tape restarts as follows):
 {¶ 26} "BY MS. COMPTON: . . . [Dr.] Tener as well, she's not out there. . . .
 {¶ 27} "BY THE COURT: Well that's, if she's under subpoena, that's one of your questions that you can bring before the Court for contempt or whatever basis. Do you want to call to see if she's there? Call Dr. Tener.
 {¶ 28} "(TAPE RESTARTS AS FOLLOWS):
 {¶ 29} "BY THE COURT: Miss Dostal, I would suggest that since your witness has not appeared that the stipulation by the State would be acceptable.
 {¶ 30} "BY MS. DOSTAL [for Appellant]: Well, actually, I would want to talk to Dr. Tener in regards to that report.
 {¶ 31} "BY THE COURT: Well, do you want it stip — we're on the record, we're on the record[sic], do you want — I can look at the subpoena action on it, I can't hold up the trial because she's not here, so that's something we can take up or if you want me to pursue it, I'll pursue it why she didn't appear, with you.
 {¶ 32} "BY MS. DOSTAL: I don't want to get Dr. Tener in trouble, Your Honor. It's my understanding that she was on call from the Department and maybe she just presumed she'd be on call for my subpoena as well.
 {¶ 33} "BY MS. COMPTON: I mean, I would just like to state for the record, Your Honor, that many times the Department puts their witnesses on standby and that — I don't inquire as to whether they've been subpoenaed by the other side, I take care of, you know, my part.
 {¶ 34} "BY THE COURT: Okay, if she was — if you put out a subpoena for her, a separate subpoena for her, then she's supposed to be here, she's got no right to be on standby, she's subpoenaed by another party. If I'm a qualified witness and I'm subpoenaed by both sides, I have to be here, one side can say we'll both come into that period of time. Miss Dostal, we're in the middle of a permanent custody, I'm on the record, there's been an offer of stipulation of testimony, I'm going to proceed with it, do you want to have the record stipulated into the record, or not?
 {¶ 35} "BY MS. DOSTAL: No, I don't, Your Honor.
 {¶ 36} "BY THE COURT: Okay, then —
 {¶ 37} "BY MS. DOSTAL: If I can have a moment and talk with my client and ask her how she wants me to proceed with Dr. Tener.
 {¶ 38} "BY THE COURT: I know I'm going to proceed, you can take that up with your client afterwards, that's between you and I afterwards, the trial is going to proceed, your client doesn't have any say on that basis. I'm moving to Best Interest — do you have any other witnesses to present, then Miss Dostal.
 {¶ 39} "BY MS. DOSTAL: No, Your Honor.
 {¶ 40} "BY THE COURT: Move into Best Interest. Call your first witness. [State calls its first witness.]" Transcript of Proceedings, pgs. 72-74.
 {¶ 41} Although we find that the trial court's actions raise serious due process questions, under the circumstances of this case, we find that appellant has failed to show that she was prejudiced in any way. The trial court found that the children had been in the custody of SCDJFS for 12 of the last 22 months, pursuant to R.C. 2151.414(B)(1). Pursuant to R.C.2151.414(B)(1)(d), this finding, if supported by the evidence, is sufficient in and of itself to base a grant of permanent custody. See In Re: Whipple Children, Stark App. No. 2002CA00406, 2003-Ohio-1101. Appellant does not contest the trial court's finding that the children had been in the custody of SCDJFS for 12 of the past 22 months. A review of the record supports the trial court's finding. Because such a finding is enough to satisfy the requirements of R.C. 2151.414(B)(1) to grant permanent custody, there can be no prejudice to appellant because of the inability to present the testimony of Dr. Tener.
 {¶ 42} Appellant raises another issue in this first assignment of error. Appellant also contends that her due process rights were violated when the trial court denied her the opportunity to call Shawn, appellant's nine year old child, as a witness in the best interest phase of the hearing. We disagree.
 {¶ 43} In the best interest phase of a hearing on a motion for permanent custody, the trial court must consider the wishes of the child(ren) as expressed through the child(ren) or the guardian ad litem for the child(ren). R.C. 2151.414(D)(2). This court addressed the issue of whether a trial court must allow a child to testify in In re Beresh Children, Stark App. No. 2003CA00089, 2003-Ohio-4898. In Beresh, this court stated the following: "[A] juvenile court has the option of either having the child assert his or her opinion, through, for example, an in-camera interview or testimony, or the court may rely upon the guardian ad litem's representations with respect to the child's desires. Because the juvenile court has a choice, the decision not to conduct an in camera interview will be reversed only if the court abused its discretion in declining to do so. (Citation omitted)." Beresh (quoting In re Funk, Portage App. Nos. 2002-P-0035, 2002-P-0036, 2002-Ohio-4958).
 {¶ 44} In this case, we find no abuse of discretion. A review of the testimony of the children's guardian ad litem reveals that the guardian ad litem clearly indicated the children's wishes to return to their mother. In addition, the SCDJFS' social worker assigned to the family and the children's counselor both testified to the children's desire to return to their mother and their bond with appellant.[1]
 {¶ 45} Based on the clear testimony presented by the guardian ad litem, the social worker and the children's counselor, we are unpersuaded that the trial court violated appellant's due process rights when it denied appellant's request to call her child as a witness.
 {¶ 46} Accordingly, appellant's first assignment of error is overruled.
 II {¶ 47} In the second assignment of error, appellant argues that the trial court erred when it found that the minor children cannot or should not be placed with appellant within a reasonable time. For the following reasons, we find that appellant's argument is moot.
 {¶ 48} The trial court did find that the children could not or should not be placed with appellant within a reasonable time, pursuant to R.C. 2151.414(B)(1)(a). However, the trial court also found that the children had been in the custody of SCDJFS for 12 of 22 months, pursuant to R.C. 2151.414(B)(1)(d). As noted previously, these findings are alternative findings. See R.C.2151.414(B)(1)(a) and (d). Either of these findings, if supported by the evidence, is sufficient in and of itself to base a grant of permanent custody pursuant to R.C. 2151.414(B)(1). Appellant does not contest the trial court's finding that the children had been in the custody of SCDJFS for 12 of the past 22 months. A review of the record supports the trial court's finding. Because such a finding is enough to satisfy the requirements of R.C.2151.414(B)(1), we find appellant's argument is moot. See In Re:Whipple Children, Stark App. No. 2002CA00406, 2003-Ohio-1101.
 {¶ 49} Accordingly, appellant's second assignment of error is overruled.
 III {¶ 50} In the third assignment of error, appellant asserts that the judgment of the trial court that the best interests of the minor children would be served by the granting of permanent custody to SCDJFS was against the manifest weight of the evidence. We disagree.
 {¶ 51} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 52} In this case, the trial court received testimony from the SCDJFS social worker assigned to the family, the children's counselor and the guardian ad litem for the children. Each was in agreement that it was in the best interest of the children for permanent custody to be granted to SCDJFS.
 {¶ 53} Valgean Martin, the SCDJFS social worker assigned to the family, testified that the children were both biracial children who suffer from psychological problems. Both children were in counseling. The social worker testified that the children were bright and on track as far as their educational development was concerned. Ms. Martin did testify that the children had a bond with their mother and each other and that the children wanted to return to their mother if their mother was able to provide for them. However, Ms. Martin concluded that permanent custody was in the children's best interest because the benefit of a permanent home outweighed the consequences of terminating appellant's parental rights.
 {¶ 54} Gail Mager, the children's counselor since early 2002, stated that the children needed an invested, consistent caregiver who gave the children a feeling of safety as the children needed external controls to help the children with their behavioral problems. Ms. Mager stated that the children had described a prior living situation with appellant that appeared to be chaotic.
 {¶ 55} Ms. Mager also testified about several joint counseling sessions she conducted involving the children and appellant. According to Ms. Mager, the sessions were terminated due to appellant not being honest and giving the children mixed messages about the need to be truthful and the need to work on their behaviors. Ms. Mager concluded that the current situation was very hard on the children and that the children would adjust should the trial court award permanent custody to SCDJFS.
 {¶ 56} In addition, the children's guardian ad litem, Attorney Kristin Guardado, testified. Ms. Guardado stated that she had been the children's guardian ad litem since the inception of the case. Ms. Guardado stated that the children had frequently stated their desire to return to their mother. However, Ms. Guardado also testified that the children were comfortable in their current foster home and that their behavioral problems had decreased in their current placement. Ms. Guardado recommended that permanent custody be granted to SCDJFS.
 {¶ 57} As to placement with a relative, appellant testified that the relatives could not take care of her children or provide the care they needed. Ms. Guardado and Ms. Martin also testified to problems which prevented placement of the children with relatives, including the need to remove the children from placement with relatives in the past.
 {¶ 58} The trial court heard testimony concerning the children's custodial history. This testimony included the placement and removal of the children from several foster homes and the fact that the children had been in the custody of SCDJFS for more than 12 of the last 22 months.
 {¶ 59} Upon review of the evidence presented, we cannot say that the trial court's conclusion that it was in the children's best interest for permanent custody to be granted to SCDJFS was against the manifest weight of the evidence. There was relevant, competent and credible evidence upon which the trial court could base its judgment.
 {¶ 60} Accordingly, appellant's third assignment of error is overruled.
 {¶ 61} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
Edwards, J., Gwin, P.J. concurs.
Farmer, J. dissents.
[1] The SCDJFS claims in its brief that an in camera interview was conducted by the trial court. However, while the record reveals that appellant requested that the trial court conduct such an interview of the two children, there is no indication in the record that the interview was actually conducted.