OPINION
{¶ 1} Appellant, J.M., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, awarding permanent custody of her child, S.M., to appellee, Franklin County Children Services ("FCCS"). For the following reasons, we affirm that judgment.
 {¶ 2} Appellant gave birth to S.M. on August 27, 1995.[1] On or about March 6, 2002, appellant's roommates called the Columbus Police Department. According to those roommates, appellant left S.M. in the apartment after they asked her to leave. The roommates took care of S.M. but called the police when appellant did not return for two days. The police took S.M. to FCCS. A day later, FCCS filed a complaint, alleging that S.M. was a neglected and dependent child and requesting temporary custody of S.M. The complaint alleged that appellant left S.M. with her roommates and did not return. It also alleged that S.M. had behavioral problems and a number of unexcused absences from school.
 {¶ 3} On May 30, 2002, the trial court adjudicated S.M. a neglected and dependent child and awarded FCCS temporary custody of S.M. The trial court approved and adopted FCCS' case plan for the reunification of appellant and S.M. The plan required appellant to address various areas of concern to FCCS. Significant elements of the plan required appellant to: (1) successfully complete parenting classes; (2) undergo a psychological evaluation and comply with any recommendations; (3) maintain stable employment; (4) attend counseling; and (5) undergo a drug and alcohol assessment.
 {¶ 4} Over the next year, the trial court twice extended FCCS' temporary custody of S.M., noting appellant's progress on her case plan. However, on November 21, 2003, FCCS filed a motion for an award of permanent custody of S.M. pursuant to R.C.2151.413. In an affidavit attached to the motion, an FCCS caseworker stated that appellant failed to substantially remedy the conditions causing S.M. to be taken from her custody, to utilize resources available to her, and to complete her case plan objectives. After a hearing, the trial court found by clear and convincing evidence that an award of permanent custody to FCCS was in the best interest of S.M. Accordingly, the trial court divested appellant of her parental rights, privileges, and obligations and awarded permanent custody of S.M. to FCCS.
 {¶ 5} Appellant appeals and assigns the following assignment of error:
The trial court erred in granting the Motion of Franklin County Children Services for Permanent Custody, as Mother J.M. had substantially completed her case plan, and was not given a referral for a needed psychiatric examination, which might have led to total completion of the case plan.
 {¶ 6} At the outset, we recognize that parents have a constitutionally protected fundamental interest in the care, custody, and management of their children. Santosky v. Kramer
(1982), 455 U.S. 745, 102 S.Ct. 1388; Troxel v. Granville
(2000), 530 U.S. 57, 66, 120 S.Ct. 2054. The Supreme Court of Ohio has recognized the essential and basic rights of a parent to raise his or her child. In re Murray (1990), 52 Ohio St.3d 155,157. These rights, however, are not absolute. In re Awkal
(1994), 95 Ohio App.3d 309, 315; In re Sims, Jefferson App. No. 02-JE-2, 2002-Ohio-3458, at ¶ 23. A parent's natural rights are always subject to the ultimate welfare of the child. In reCunningham (1979), 59 Ohio St.2d 100, 106. Thus, in certain circumstances, the state may terminate the parental rights of natural parents when it is in the best interest of the child. Inre Harmon (Sept. 25, 2000), Scioto App. No. 00CA-2694; In reWise (1994), 96 Ohio App.3d 619, 624. The permanent termination of parental rights has been described as "`the family law equivalent of the death penalty in a criminal case.'" In reHayes (1997), 79 Ohio St.3d 46, 48, quoting In re Smith
(1991), 77 Ohio App.3d 1, 16. Therefore, parents "must be afforded every procedural and substantive protection the law allows." Id.
 {¶ 7} A decision to award permanent custody requires the trial court to take a two-step approach. First, a trial court must find whether any of the following apply:
(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
(b) The child is abandoned.
(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
R.C. 2151.414(B)(1).
 {¶ 8} Once the trial court finds that one of the circumstances in R.C. 2151.414(B)(1)(a) through (d) apply, the trial court then must determine whether a grant of permanent custody is in the best interest of the child. R.C.2151.414(B)(1). FCCS must prove by clear and convincing evidence that an award of permanent custody is in the child's best interest. Id. In determining the best interest of a child, a trial court is required to consider all relevant factors including, but not limited to, the following:
(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
R.C. 2151.414(D).
 {¶ 9} A trial court's determination in a permanent custody case will not be reversed on appeal unless it is against the manifest weight of the evidence. In re Andy-Jones, Franklin App. No. 03AP-1167, 2004-Ohio-3312, at ¶ 28. "Judgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." In reDecker, Athens App. No. 00CA039, 2001-Ohio-2380; Young v. Univ.of Akron, Franklin App. No. 04AP-318, 2004-Ohio-6720, at ¶ 25, citing C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, paragraph one of the syllabus.
 {¶ 10} In connection with the first step of this analysis, the parties do not dispute that S.M. was in the temporary custody of FCCS for 12 or more months of a consecutive 22-month period ending on or after March 18, 1999. R.C. 2151.414(B)(1)(d). For purposes of this analysis, S.M. entered the temporary custody of FCCS on May 5, 2002. FCCS filed its motion for permanent custody on November 21, 2003. At that time, S.M. had been in the temporary custody of FCCS for more than 12 months of a continuous 22-month period. Therefore, the trial court properly found that the requirement of R.C. 2151.414(B)(1)(d) was satisfied.
 {¶ 11} As part of the first step of this analysis, appellant contends the trial court should have found that she substantially completed the requirements of her reunification case plan. R.C.2151.414(E)(1). We disagree.
 {¶ 12} After the trial court found that S.M. had been in the temporary custody of FCCS for more than 12 months of a continuous 22-month period, it was unnecessary for the trial court to determine whether S.M. could or should be placed with either parent within a reasonable time. In re Sunderman, Stark App. No. 2004CA00093, 2004-Ohio-4608, at ¶ 48 (findings made under R.C. 2151.414[B][1][a] and [B][1][d] are in the alternative; either will support a grant of permanent custody); see, also, Inre C.C., Franklin App. No. 04AP-883, 2005-Ohio-5163, at ¶ 52;In re Katrina T., Sandusky App. No. S-03-024, 2004-Ohio-3164, at ¶ 14. Appellant's progress toward completion of her case plan is relevant only in determining whether S.M. could or should be placed with either parent within a reasonable time. See R.C.2151.414(B)(1)(a). Therefore, the trial court did not need to address appellant's compliance with her case plan in this portion of its analysis, and appellant's argument concerning that finding is moot. In re Sunderman, at ¶ 48.
 {¶ 13} Appellant also contends that FCCS hindered her ability to comply with her case plan by failing to schedule her a psychiatric examination. R.C. 2151.414(C), however, provides that "[t]he court shall not deny an agency's motion for permanent custody solely because the agency failed to implement any particular aspect of the child's case plan." Therefore, even if FCCS failed to schedule appellant for a psychiatric examination, this failure alone does not preclude the trial court from awarding FCCS permanent custody of S.M. See In re Decker,
supra. Moreover, as noted above, appellant's compliance with her case plan is simply not relevant to a determination under R.C.2151.414(B)(1) after the trial court finds that S.M. had been in the temporary custody of FCCS for more than 12 months of a continuous 22-month period. In re Sunderman, supra.
 {¶ 14} Appellant's lone assignment of error is overruled.
 {¶ 15} Although appellant does not contest the trial court's finding that an award of permanent custody was in S.M.'s best interest, competent, credible evidence supports the trial court's finding. To determine whether an award of permanent custody is in the child's best interest, the trial court must consider the factors set forth in R.C. 2151.414(D). The trial court addressed each of those factors. R.C. 2151.414(D)(1) addresses the interaction of the child with his parents, relatives, and foster parents. Angela Perez, an FCCS case worker, testified that S.M. is bonded with his foster parents and wants to stay with them. She also testified that no bond existed between S.M. and appellant. S.M. was placed with two of his maternal aunts during this process. He was removed from one because she could not care for him. He was removed from the other aunt after being abused. S.M.'s father is not involved in his life. This factor weighs in favor of the trial court's decision.
 {¶ 16} R.C. 2151.414(D)(2) concerns the wishes of the child as expressed by him or through the guardian ad litem. Mrs. Perez testified that S.M. told her that he did not want to live with his mother and wanted to stay with his foster parents, who are interested in adopting him. The child's guardian ad litem recommended an award of permanent custody to FCCS. This factor weighs in favor of the trial court's decision.
 {¶ 17} Next, R.C. 2151.414(D)(3) concerns the custodial history of the child. S.M. was taken from appellant's custody in March 2002. He has never been returned to appellant's custody. He has been in the temporary custody of FCCS for 12 or more months of a consecutive 22-month period ending on or after March 18, 1999. This factor weighs in favor of the trial court's decision.
 {¶ 18} R.C. 2151.414(D)(4) takes into account the child's need for a legally secure placement and whether that placement could be achieved without a grant of permanent custody to FCCS. Without doubt, every child needs a legally secure placement. The question is whether appellant can provide that placement. Appellant is employed as a dancer/bartender at a gentleman's club in Columbus, Ohio. Her job requires her to be away from her house during nights and into the early morning, times when S.M. would be in the house. She has made no arrangements for anyone to take care of S.M. during those times. Appellant's employment also makes it difficult for her to perform child-related tasks during the day. She lives in a small apartment that is not suitable for a mother with a ten-year old child. Additionally, although a psychologist recommended counseling for appellant, she has not begun any counseling. This factor weighs in favor of the trial court's decision.
 {¶ 19} Finally, R.C. 2151.414(D)(5) takes into account whether certain of the R.C. 2151.414(E) findings exist. None of these factors are applicable in this case.
 {¶ 20} The record reflects competent, credible evidence upon which the trial court could rely in determining that an award of permanent custody was in S.M.'s best interest. Accordingly, the award of permanent custody to FCCS is not against the manifest weight of the evidence.
 {¶ 21} Appellant's lone assignment of error is overruled. Additionally, the trial court's award of permanent custody of S.M. to FCCS is supported by competent, credible evidence and is not against the manifest weight of the evidence. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
Judgment affirmed.
Brown and Travis, JJ., concur.
[1] Appellant never married S.M.'s father and does not know where he currently resides. The father did not respond to any of the notices published to him in this case.