OPINION
{¶ 1} Appellant, Rachel D., appeals the decision of the Clinton County Court of Common Pleas, Juvenile Division, granting permanent custody of her child to the Clinton County Children Services Board ("CCCSB"). We affirm the juvenile court's judgment.
 {¶ 2} In May 2004, a CCCSB caseworker filed a complaint alleging that appellant's child was dependent. The child's maternal grandmother had been caring for the child until *Page 2 
the grandmother was incarcerated for committing a drug offense. At that time, appellant indicated that she could not care for the child. The juvenile court soon granted emergency temporary custody to CCCSB. After a hearing in July 2004, the court adjudicated the child dependent, and ordered that temporary custody remain with CCCSB. CCCSB subsequently developed a case plan for appellant and the grandmother.[1]
 {¶ 3} In November 2005, CCCSB filed a motion for permanent custody of the child. In its motion, CCCSB asserted that appellant had not completed numerous elements of her case plan, and had not visited the child in the previous five months. The grandmother, then no longer in prison, moved for legal custody of the child. After a hearing in July 2006, the juvenile court denied the grandmother's custody motion, and granted CCCSB's motion for permanent custody. Appellant now appeals, assigning one error as follows:
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION BY TERMINATING APPELLANT'S PARENTAL RIGHTS BECAUSE RELATIVES WERE AVAILABLE FOR PLACEMENT."
 {¶ 5} In her sole assignment of error, appellant argues that granting permanent custody to CCCSB was not in the child's best interest because the child's maternal grandparents were suitable relatives with whom the juvenile court should have placed the child. Appellant does not challenge any other aspect of the juvenile court's decision.
 {¶ 6} Under R.C. 2151.414(B) (1 ), a juvenile court may grant permanent custody of a child to a public children services agency only if the court finds, by clear and convincing evidence, that granting permanent custody to the agency is in the best interest of the child. In making that determination, the juvenile court is required to consider all relevant factors, including, but not limited to, the factors enumerated in R.C. 2151.414(D). *Page 3 
 {¶ 7} Before a juvenile court grants permanent custody to a public children services agency, R.C. 2151.414(B)(1) also requires a finding, by clear and convincing evidence, that any of the following circumstances applies:
 {¶ 8} (a) the child is not abandoned or orphaned, and has not been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period, and the child cannot be placed with either parent within a reasonable time or should not be placed with either parent;
 {¶ 9} (b) the child is abandoned;
 {¶ 10} (c) the child is orphaned; or
 {¶ 11} (d) the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period.
 {¶ 12} An appellate court's review of a trial court's decision finding clear and convincing evidence is limited to whether there is sufficient, credible evidence in the record supporting the court's decision. In reJ.S., Butler App. No. CA2005-12-502, 2006-Ohio-1150, ¶ 9, citing In reAment (2001), 142 Ohio App.3d 302, 307. Further, a reviewing court will not reverse a finding by a trial court that the evidence was clear and convincing unless there is a sufficient conflict in the evidence presented. In re Rodgers (2000), 138 Ohio App.3d 510, 519-520.
 {¶ 13} Pursuant to R.C. 2151.414(B)(1)(d), the juvenile court found, by clear and convincing evidence, that the child had been in the temporary custody of CCCSB for at least 12 months of a consecutive 22-month period. The record supports that conclusion, which appellant does not dispute. Pursuant to R.C. 2151.414(B)(1)(b), the court also found, by clear and convincing evidence, that the child's father had abandoned him. The record also supports that conclusion, which appellant does not dispute. *Page 4 
 {¶ 14} As stated above, appellant only disputes the court's best interest determination. R.C. 2151.414(D) required the juvenile court, in determining the child's best interest, to consider all relevant factors including the following:
 {¶ 15} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 16} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 17} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 18} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 19} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 20} The juvenile court analyzed the above factors and other relevant factors, in determining, by clear and convincing evidence, that permanent custody with CCCSB was in the child's best interest. With regard to R.C. 2151.414(D)(1), the court stated that no testimony in the record indicated a close and meaningful relationship between appellant and the child. Regarding the grandmother, the court cited testimony indicating that she had a good relationship with the child and interacted well with her. However, the court noted that the grandmother had violated a court order prohibiting contact between appellant and the child, which led to the cessation of unsupervised visits between the grandmother and the child. The court also cited testimony that the child interacted well with her younger sister and *Page 5 
her foster family.
 {¶ 21} With regard to R.C. 2151.414(D)(2), the court discussed the guardian ad litem's report. The report mentioned appellant's lack of compliance with the case plan and her failure to cooperate with the guardian ad litem. The report also noted that the grandmother failed to cooperate and made false representations. The report recommended permanent custody to the agency.
 {¶ 22} As to R.C. 2151.414(D)(3), the court noted that the child had been in the continuous custody of CCCSB since May 6, 2004, a period of over two years. As to R.C. 2151.414(D)(4), the court found that legally secure permanent placement could not be achieved without a grant of permanent custody to CCCSB. As to R.C. 2151.414(D)(5), the court determined that R.C. 2151.414(E)(10) applied because the child's father had abandoned her.
 {¶ 23} The court also discussed additional factors that it found relevant. The court discussed the diligent efforts by CCCSB to assist appellant, but that appellant had not completed her case plan. The court specifically mentioned that appellant never completed drug and alcohol counseling, and that she continued to use drugs. The court further noted that appellant failed to maintain stable housing and employment, complete parenting classes, or maintain regular visitation.
 {¶ 24} As to the grandmother, the court stated that she had completed the required elements of her case plan, including the drug and alcohol component. The court also noted that she had maintained stable housing for more than one year. However, the court noted that her visitation with the child was sporadic.
 {¶ 25} The court also discussed the dishonesty of the grandparents in providing information for CCCSB's home study. The court cited testimony indicating that the grandparents failed to disclose a total of 15 times that they were involved with children *Page 6 
services agencies in Clark, Greene, and Clinton counties. As the court noted, only one of those incidents, a 1996 child endangering charge against the grandmother, was substantiated.
 {¶ 26} The court also discussed the grandparents' failure to disclose a case of domestic violence involving them in Clark County. The grandparents also failed to disclose that they each had a DU I conviction.
 {¶ 27} Of great significance to the court was the grandmother's failure to abide by the court order prohibiting contact between appellant and the child. The grandmother conceded at the hearing that she violated the order on one occasion. According to the grandmother, she unintentionally brought the child to a place where appellant was present. The court noted the testimony of multiple witnesses indicating that appellant was present during the grandmother's unsupervised visits. While the grandmother denied that appellant was present during visitations, the court doubted the veracity of her testimony.
 {¶ 28} After hearing all of the testimony at the permanent custody hearing, the court concluded that the grandmother had permitted "significant unauthorized contact" by appellant with the child. According to the court, the grandmother is "either unwilling or unable to protect the child from the emotional anguish which * * * [appellant] has created and likely will continue to create for the child if given an opportunity." Because of appellant's "history of destabilizing the child's environment," the court concluded that it was not in the child's best interest to be placed with the grandmother. Rather, the court concluded that permanent custody with CCCSB was in the child's best interest.
 {¶ 29} After reviewing the entire record, we find sufficient, credible evidence supporting the juvenile court's decision granting permanent custody to CCCSB. The juvenile court made the required findings in R.C.2151.414(B), and thoroughly analyzed the best interest factors in R.C.2151.414(D). Sufficient, credible evidence in the record supports the *Page 7 
juvenile court's conclusion that permanent custody with CCCSB was in the best interest of the child. Testimony by CCCSB employees at the hearing clearly demonstrated appellant's lack of willingness and ability to care for her child. The testimony of multiple CCCSB witnesses regarding the grandmother's violation of the no-contact order supported the court's concern that the grandmother would not protect the child from appellant's negative influence. Testimony by CCCSB employees regarding the grandparents' dishonesty and prior criminal offenses, and the substantiated child endangerment charge against the grandmother, raised substantial doubt about the grandparents' ability to provide legally secure placement.
 {¶ 30} We find no merit in appellant's argument, and therefore overrule her sole assignment of error. The record does not show, as appellant contends, that the juvenile court erred in making its best interest determination. Accordingly, we affirm the judgment of the juvenile court granting permanent custody to CCCSB.
YOUNG, P.J. and WALSH, J., concur.
[1] The child's father, Joseph W., was initially part of the case plan. However, CCCSB removed him from the case plan after he failed to maintain contact with CCCSB or the child, and did not attend any court hearings. *Page 1