OPINION
{¶ 1} Appellant, Tina J., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of her two younger sons ("D.B." and "A.B.") to the Butler County Children Services Board (the "Agency").
 {¶ 2} D.B. was born in November 2003. In October 2004, the Agency received a *Page 2 
referral that appellant, who was seven and one-half months pregnant with A.B., was living with D.B. in a motel room with no food. Appellant admitted to smoking marijuana two months earlier. When she gave birth to A.B. in December 2004, appellant tested positive for marijuana. Appellant subsequently signed a safety plan with the Agency addressing her substance abuse but failed to comply with it and eventually moved to Kentucky. Because she had provided a false address, the Agency was unable to contact appellant while she was in Kentucky. In July 2005, appellant contacted the Agency for help with both children. On July 14, 2005, appellant signed a voluntary agreement allowing the Agency to have temporary custody of D.B. and A.B. for 30 days. D.B. was subsequently diagnosed with a sinus infection and congestion while eight-month-old A.B. was diagnosed with strep throat, a yeast infection, an ear infection, an upper respiratory infection, pneumonia, and severe eczema.
 {¶ 3} On August 12, 2005, the Agency filed a complaint on behalf of each child, alleging that both children were dependent and seeking temporary custody of them. The Agency was granted temporary custody of both children that same day. A case plan was subsequently developed for reunification. On October 11, 2005, the juvenile court adjudicated both children dependent and ordered that temporary custody remain with the Agency. On August 28, 2006, the Agency moved for permanent custody of both children. On December 11, 2006, the juvenile court granted permanent custody of both children to the Agency and terminated appellant's parental rights.
 {¶ 4} The juvenile court first found that because the children's alleged father had failed to take a paternity test, both children had no legal father. The court further found that both children had been in the temporary custody of the Agency for 12 or more months of "the past 24 months as of the date of the filing of the [permanent custody] motion," that it was "in the best interest of [both children] that [they] be placed in the permanent custody of the *Page 3 
[Agency]," and that both children "cannot and should not be placed with [their] mother." The court also found that "[the Agency] has provided mother with diagnostic services, the opportunity to participate in treatment related to those services, visitation with [D.B. and A.B.], and referrals for services related to substance abuse. Although mother did complete some case plan services, she did not follow through to receive other proper treatment aimed at eliminating the need for the removal of [D.B. and A.B.] from her care. Therefore, this court concludes that the [Agency] made reasonable efforts to prevent the need for the placement of [D.B. and A.B.] outside of a parent's home."
 {¶ 5} Appellant appeals, raising three assignments of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE COURT ERRED AS A MATTER OF FACT AND LAW AND ABUSED ITS DISCRETION WHEN IT FOUND THAT THE STATE HAD MADE REASONABLE EFFORTS AND THAT DESPITE SUCH EFFORTS THE BOYS COULD NOT BE PLACED WITH THEIR MOTHER WITHIN A REASONABLE TIME, THEREBY FINDING THAT PERMANENT CUSTODY TERMINATING THE PARENTAL RIGHTS OF THE MOTHER WAS APPROPRIATE AND IN THE CHILDREN'S BEST INTEREST."
 {¶ 8} R.C. 2151.419(A)(1) states that the "reasonable efforts" requirement applies to hearings held pursuant to R.C. 2151.28,2151.31(E), 2151.314, 2151.33, or 2151.353. "R.C. 2151.419(A)(1) does not apply in a hearing on a motion for permanent custody filed pursuant to R.C. 2151.413." In re CF., 113 Ohio St.3d 73, 2007-Ohio-1104, ¶ 43. In the case at bar, the record indicates that the Agency filed its motions for permanent custody under R.C. 2151.413, and that the juvenile court held a hearing on the motions pursuant to R.C. 2151.414. Thus, the "reasonable efforts" requirement in R.C. 2151.419(A) was not applicable to this case. Id.; In re S.P., Butler App. No. CA2004-10-255,2005-Ohio-1079, ¶ 5. In addition, the record shows that the juvenile court made several reasonable-efforts findings *Page 4 
prior to the permanent custody hearing and that it examined the "reasonable case planning and diligent efforts by the agency" when considering whether the children could not or should not be placed with appellant within a reasonable time. In re CF. at ¶ 42, 45. Appellant's first assignment of error is accordingly overruled.
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "THE COURT ERRED AS A MATTER OF FACT AND LAW AND ABUSED ITS DISCRETION WHEN [IT] FOUND TERMINATING THE PARENTAL RIGHTS OF APPELLANT TO BE IN THE CHILD[REN]'S BEST INTERESTS AND WHEN IT SO TERMINATED THE RIGHTS OF APPELLANT."
 {¶ 11} Assignment of Error No. 3:
 {¶ 12} "THE COURT'S DECISION AND ORDER OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE TRIAL COURT'S FINDINGS AND THE EVIDENCE PRESENTED FAILED TO MEET THE REQUISITE CLEAR AND CONVINCING STANDARD."
 {¶ 13} R.C. 2151.414(B)(1) provides that a juvenile court "may grant permanent custody of a child to a [children services agency] if the court determines * * * by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency * * * and that any of the [factors set forth in R.C.2151.414(B)(1)(a) through (d)] apply." Thus, "[u]nder R.C.2151.414(B)(1), a juvenile court may grant permanent custody of a child to a public children services agency only if the court finds, by clear and convincing evidence, that granting permanent custody to the agency is in the best interest of the child. * * * [Further], before a juvenile court grants permanent custody to a public children services agency, R.C. 2151.414(B)(1) also requires a finding, by clear and convincing evidence, that any of the [factors set forth in R.C. 2151.414(B)(1)(a) through (d)] *Page 5 
applies." In re A.W., Clinton App. No. CA2006-10-036, 2007-Ohio-722, ¶ 6-7.
 {¶ 14} In our recent decision In re C.G., Preble App. Nos. CA2007-03-005 and CA2007-03-006, 2007-Ohio-4361, we held that "before a juvenile court can grant permanent custody of a child to a children services agency, the court must determine, by clear and convincingevidence, that permanent custody is in the child's best interest,and must so state in its decision and/or entry terminating parental rights and granting permanent custody to an agency." Id. at ¶ 24 (emphasis sic). We emphasized that "R.C. 2151.414 sets forth the procedures a juvenile court must follow and the findings itmust make before granting a motion [for permanent custody] filed pursuant to R.C. 2151.413." Id. at ¶ 22, quoting In re C.W.,104 Ohio St.3d 163, 2004-Ohio-6411, ¶ 9 (emphasis sic).
 {¶ 15} "[P]arents have a basic civil right to raise their children. Permanent termination of parental rights has been described as `the family law equivalent of the death penalty in a criminal case.' Consequently, parents `must be afforded every procedural and substantial protection the law allows.'" In re C.G. at ¶ 23, quoting In re C.W.
at ¶ 23. "Trial courts have the mandatory duty to fully comply with the permanent custody statutes and may not award permanent custody without making the requisite findings." In re C.G. at ¶ 23.
 {¶ 16} In the case at bar, while discussing the applicable statutory provisions, the juvenile court correctly stated that under R.C.2151.414(B), "the court must find, by clear and convincing evidence, that it is in the best interest of the children in question to grant permanent custody to the [Agency]." Yet, while it found it was in the best interest of D.B. and A.B. to grant permanent custody to the Agency, the juvenile court failed to make that determination by clear and convincing evidence. Indeed, the juvenile court never found by clear and convincing evidence that permanent custody was in the best interest of both children, nor so stated in its decision.
 {¶ 17} The juvenile court also found that both children had been in the temporary *Page 6 
custody of the Agency for at least 12 months of "the past 24 months as of the date of the filing of the [permanent custody] motion" pursuant to R.C. 2151.414(B)(1)(d) (the "`12 of 22' rule"). While the record supports that conclusion, the juvenile court failed to make that finding by clear and convincing evidence. Rather, it simply found that the children "had been in the custody of [the Agency] for 12 or more months." However, as we held in In re A.W, "before a juvenile court grants permanent custody to a public children services agency, R.C.2151.414(B)(1) also requires a finding, by clear and convincingevidence, that [R.C. 2151.414(B)(1)(d)] applies." In re A.W., Clinton App. No. CA2006-10-036, ¶ 7 (emphasis added).
 {¶ 18} At this juncture, we note that the juvenile court further found that the children could not and should not be placed with appellant within a reasonable period of time. See R.C. 2151.414(B)(1)(a), (B)(2), and (E). However, as we stated in In re J.J., Butler App. No. CA2005-12-525, 2006-Ohio-2999, once the juvenile court found that both children had been in the temporary custody of the Agency for more than 12 months of a 22-month period, it was unnecessary for the juvenile court to determine whether the children could or should be placed with appellant within a reasonable period of time. Id. at ¶ 51. See, also,In re Sunderman, Stark App. No. 2004CA00093, 2004-Ohio-4608 (findings made under R.C. 2151.414[B][1][a] and [B][1][d] are in the alternative; either will support a grant of permanent custody).
 {¶ 19} In light of the foregoing, we find that the juvenile court's failure to expressly make its best interest determination under the clear and convincing standard as required under R.C. 2151.414(B) constitutes reversible error. In re C.G., Preble App. Nos. CA2007-03-005 and CA2007-03-006, ¶ 30. Likewise, the juvenile court's failure to expressly make its "12 of 22" rule determination under the clear and convincing standard as required under R.C. 2151.414(B) constitutes reversible error. Upon reviewing the juvenile court's decision, we *Page 7 
acknowledge that the court clearly knew it was required to state its findings under the clear and convincing standard before granting the permanent custody motions. Further, the juvenile court's decision clearly shows that the court thoroughly and in a detailed manner considered each of the factors listed in R.C. 2151.414(D) in finding that it was in the best interest of D.B. and A.B. to grant permanent custody to the Agency. However, given the juvenile court's ultimate failure to state the required findings under the clear and convincing standard, the Ohio Supreme Court's mandate that a juvenile court strictly comply with R.C. 2151.414, see In re C.W., 104 Ohio St.3d 163, and the supreme court equating permanent termination of parental rights to the family law equivalent of the death penalty, id., we are required to reverse and remand the juvenile court's decision.
 {¶ 20} We therefore find that the juvenile court erred by granting permanent custody of D.B. and A.B. to the Agency. We reverse the juvenile court's decision granting permanent custody of D.B. and A.B. to the Agency and remand this matter to the juvenile court for further proceedings in compliance with the law and consistent with this opinion. On remand, the juvenile court is not required to hold a new evidentiary hearing and is permitted to make the proper findings required under R.C.2151.414 based on the previous record. Further, we hasten to add that our decision today should not be construed in any manner as a comment on the underlying merits of this case. In re C.G. at ¶ 44.
 {¶ 21} In light of the foregoing, appellant's second and third assignments of error are sustained.
 {¶ 22} Judgment reversed and remanded.
 BRESSLER and POWELL, JJ., concur. *Page 1