OPINION
{¶ 1} Appellant, Lynn C., appeals the decision of the Preble County Court of Common Pleas, Juvenile Division, terminating her parental rights, and granting permanent custody of three of her children to the Preble County Department of Jobs and Family Services, Children's Services Division ("CSD").[1] We affirm the decision of the trial court.
 {¶ 2} Appellant is the mother of four children, B.C., born March 10, 1990; T.C., born November 25, 1993; J.C., born October 9, 1995; and D.C., who is not the subject of this appeal because he became emancipated during the course of this proceeding. On June 18, 2003, the children were placed in the temporary custody of CSD after the agency had received multiple referrals that the family of six was living at a campground, in a small, one bedroom camper, which lacked year round running water. There were allegations that the parents had substance abuse issues and that the children may have been the victims of sexual abuse. The children had missed numerous days of school, were failing school, and were ill-disciplined. They lacked appropriate food, medical care and mental health care. Each of the children has been diagnosed with various mental health issues, among them, reactive attachment disorder, oppositional defiant disorder, post traumatic stress disorder, depression, anxiety, and ADHD. Their parents failed to seek appropriate treatment for these issues. The children's father had been convicted of domestic violence twice and there had been other allegations of violence within the family.
 {¶ 3} The children were adjudicated dependent, and a case plan was put in place with the goal of reunifying the family. Appellant was required to maintain adequate housing, and attend counseling to address anger management, substance abuse, sexual abuse, and domestic violence issues. Appellant failed to make progress toward the case plan goals, and in December 2004, after the children had been in its temporary custody for 12 or more months of a consecutive 22-month period, CSD moved for permanent custody. After a hearing on the motion, the trial court granted CSD permanent custody of the children. Appellant appeals, raising a single assignment of error:
 {¶ 4} "THE TRIAL COURT'S DECISION TO GRANT PREBLE COUNTY JOB AND FAMILY SERVICES PERMANENT CUSTODY OF THE MINOR CHILDREN IS NOT
 {¶ 5} Before severing a parent's constitutionally protected liberty interest in the care and custody of his or her children, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met.Santosky v. Kramer (1982), 455 U.S. 745, 759, 102 S.Ct. 1388. Clear and convincing evidence requires that the proof produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. In re Ament (2001),412 Ohio App.3d 302, 307, citing Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. Appellate review of a trial court's decision finding clear and convincing evidence is limited to determining whether "sufficient credible evidence" exists to support the trial court's determination. Ament at 207; In re Starkey, 150 Ohio App.3d 612, 2002-Ohio-6892, ¶ 16.
 {¶ 6} R.C. 2151.414(B) requires the juvenile court to apply a two-part test when terminating parental rights and awarding permanent custody to a children services agency. Specifically, the trial court must find that: (1) the grant of permanent custody to the agency is in the best interest of the children, utilizing, in part, the factors of R.C. 2151.414(D); and, (2) as applicable to the present case, the children have been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period. R.C. 2151.414(B)(1)(d); In reEbenschweiger, Butler App. No. CA2003-04-080, 2003-Ohio-5990, ¶ 12.
 {¶ 7} In the present case, the juvenile court found that it was in the children's best interest to grant the motion for permanent custody, and that, pursuant to R.C. 2151.414(B)(1)(d), the children had been in the custody of CSD for more than 12 months of a consecutive 22-month period. Appellant does not dispute that the children had been in CSD's temporary custody for the requisite time, but argues only that there is not clear and convincing evidence that granting the motion for permanent custody was in the children's best interest.
 {¶ 8} R.C. 2151.414(D) provides that in considering the best interest of a child in a permanent custody hearing, "the court shall consider all relevant factors," including: the interaction and interrelationship of the child with the child's parents, relatives, and foster caregivers; the wishes of the child expressed directly or through the child's guardian ad litem ("GAL"); the custodial history of the child; the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
 {¶ 9} Viewing the facts of this case in light of the above factors, it is clear that, although appellant's affection for her children may be sincere, it is in their best interest that CSD be granted permanent custody. Appellant failed to initiate or complete many of the case plan requirements to reunify her with the children. While she attended counseling for anger management issues, and was discharged, the discharge was the result of her denial that anger management was an issue for the family, not her successful participation in counseling. In spite of the family's history of domestic violence and the children's display of violent behavior, appellant did not recognize that anger was an issue which needed to be addressed.
 {¶ 10} Appellant's therapist testified that appellant did not understand the need to secure adequate housing, to help the family financially, or the need to exhibit appropriate behavior in the children's presence. As a result, adequate housing and financial stability remained issues at the time of the permanent custody hearing. Appellant remained unemployed, and continued to live at the campground, even though campground regulations prohibited occupants from remaining more than 60 days at a time. Appellant failed to recognize the multitude of mental health issues the children face, and consequently the need for treatment. The children's guardian ad litem also found appellant unwilling to make the necessary changes to regain custody of the children and recommended that they not be returned to her care. In sum, the record overwhelmingly supports the trial court's conclusion that it is in the children's best interest that CSD be granted permanent custody. The assignment of error is overruled.
 {¶ 11} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] The children's father is not a party to this appeal.