OPINION
{¶ 1} Appellant, Robin W., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of her two minor children to appellee, Butler County Department of Job and Family Services ("BCDJFS").[1] *Page 2 
 {¶ 2} Appellant is the biological mother of B.S. and T.B. ("the children"). The children have different biological fathers who are not parties to this appeal. On November 1, 2004, BCDJFS filed a complaint alleging the children to be dependent pursuant to R.C. 2151.04, because the man with whom appellant lived caused his own child serious physical harm. On that date, the juvenile court awarded emergency temporary custody of the children to Ruby W., who is B.S.'s paternal grandmother.
 {¶ 3} On April 19, 2005, the juvenile court held a hearing on the dependency complaint and the children were adjudicated dependent. The court continued its previous emergency temporary custody order, and a case plan was implemented.
 {¶ 4} On May 17, 2005, BCDJFS filed a motion seeking temporary custody of the children. The parties waived a shelter care hearing, and the court continued its previous emergency temporary custody order. However, the children were removed from the care of Ruby W. and were placed in the temporary custody of BCDJFS.
 {¶ 5} On May 11, 2006, BCDJFS filed a motion seeking permanent custody of the children, alleging that the children cannot and should not be placed with their parents, that the parents of the children do not appear capable of ever being able to provide adequate parental care, and that it is in the children's best interest to grant BCDJFS permanent custody of the children. The juvenile court magistrate held a hearing on the motion, and conducted an in camera interview with the children.
 {¶ 6} On January 23, 2007, the magistrate granted the motion for permanent custody. Appellant filed objections to the magistrate's decision, and the juvenile court overruled the objections and adopted the magistrate's decision. Appellant appeals the juvenile court's decision raising one assignment of error.
 {¶ 7} In her assignment of error, appellant argues the trial court erred in granting BCDJFS's motion for permanent custody. Appellant claims the juvenile court's decision is *Page 3 
not supported by the evidence. We disagree.
 {¶ 8} Before a natural parent's constitutionally protected liberty interest in the care and custody of his child may be terminated, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met. Santosky v.Kramer (1982), 455 U.S. 745, 759, 102 S.Ct. 1388. An appellate court's review of a juvenile court's decision granting permanent custody is limited to whether sufficient credible evidence exists to support the juvenile court's determination. In re Starkey, 150 Ohio App.3d 612,2002-Ohio-6892, ¶ 16. A reviewing court will reverse a finding by the juvenile court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. In re Rodgers
(2000), 138 Ohio App.3d 510, 520.
 {¶ 9} R.C. 2151.414(B) requires the juvenile court to apply a two-part test when terminating parental rights and awarding permanent custody to a children services agency. Specifically, the court must find that: 1) the grant of permanent custody to the agency is in the best interest of the child, utilizing, in part, the factors of R.C. 2151.414(D); and, 2) any of the following apply: the child cannot be placed with either parent within a reasonable time or should not be placed with either parent; the child is abandoned; the child is orphaned; or the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period. R.C. 2151.414(B)(1)(a), (b), (c) and (d);In re Schaefer, 111 Ohio St.3d 498, 2006-Ohio-5513, ¶ 31-36; In reEbenschweiger, Butler App. No. CA2003-04-080, 2003-Ohio-5990, ¶ 9.
 {¶ 10} With respect to the first part of the test, R.C. 2151.414(D) provides that in considering the best interest of a child in a permanent custody hearing, "the court shall consider all relevant factors, including, but not limited to, the following:
 {¶ 11} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who *Page 4 
may significantly affect the child;
 {¶ 12} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 13} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 14} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 15} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 16} Appellant challenges the juvenile court's finding that granting permanent custody to BCDJFS was in the children's best interest pursuant to R.C. 2151.414(D). After reviewing the record, we find sufficient, credible evidence supports the juvenile court's decision granting the motion for permanent custody.
 {¶ 17} The magistrate's decision indicates that she carefully considered each of the factors listed in R.C. 2151.414(D) in finding that it is in the children's best interest that BCDJFS be granted permanent custody. First, the magistrate analyzed R.C. 2151.414(D)(1), and found that appellant's visits with the children were initially inconsistent, but that appellant visited with the children more consistently when visitation was moved to a different location. However, the magistrate also stated that appellant abandoned visitation for approximately six weeks while she took an out-of-state vacation. The magistrate also found that reports on appellant's visitations with the children were generally positive. The record contains evidence of some bonding between appellant and the children, although there is also evidence that often appellant treated one child more favorably than the other. The magistrate noted that *Page 5 
the children seemed bonded with their previous foster family, but were moved to a different foster home shortly after the permanent custody hearing but before the magistrate decided the permanent custody motion.
 {¶ 18} With respect to R.C. 2151.414(D)(2), the magistrate indicated that she conducted in camera interviews with the children, and considered the children's wishes in reaching her decision. In addition, the magistrate indicated that she considered the report of the guardian ad litem ("GAL"). The GAL report includes a summary of both children's wishes as expressed directly to the court, and includes the GAL's own recommendation that BCDJFS should be awarded permanent custody of the children.
 {¶ 19} Next, the magistrate found that under R.C. 2151.414(D)(3), the children were removed from appellant's custody on November 1, 2004 and placed in the temporary custody of B.S.'s paternal grandparents until May 17, 2005. At that time, the juvenile court placed the children into the temporary custody of BCDJFS, and the children were moved to a foster home. The children remained in the temporary custody of BCDJFS from May 17, 2005 until the date of the permanent custody hearing, which began on October 6, 2006. The magistrate found that T.B had spent most of his lifetime in appellant's care, but that B.S. had only spent about five years of her ten-year lifetime in appellant's care.
 {¶ 20} The magistrate then found that under R.C. 2151.414(D)(4), the children were in need of legally secure placement as they had been in foster care for 17 months, and that this type of placement could not be achieved without granting BCDJFS permanent custody. The magistrate found that appellant failed to complete individual counseling and domestic violence courses as required by the case plan and court orders before BCDJFS filed the motion for permanent custody.
 {¶ 21} In addition, the magistrate also expressed concern that appellant has made poor choices in the men she has allowed to be involved in the children's lives. The *Page 6 
magistrate stated that BCDJFS filed the complaint in this case after the man with whom appellant was living caused serious physical harm to his own child while appellant and the children were residing with him. Further, appellant testified that B.S.'s father is a violent person, and that T.B.'s father is an alcoholic. The magistrate also noted that appellant recently invited a man she met over the internet to live with her before meeting him in person.
 {¶ 22} The magistrate also found that appellant is financially unstable, and is unable to live independently. Further, the magistrate found that both children have special needs, and appellant has not demonstrated the ability to meet these needs. According to the record, appellant has done very little to assist the children in their therapy and counseling, despite many attempts and requests by the children's therapist. The record also indicates that the children's behavioral issues can be partially attributed to appellant's failure to provide a permanent home for the children.
 {¶ 23} The magistrate also stated her concern that appellant's actions demonstrate that she does not place the well-being of her children above her own, as evidenced by her six-week trip to Las Vegas, despite having very limited disposable income. The magistrate also noted that no suitable relatives have come forward seeking custody of the children.
 {¶ 24} The magistrate also analyzed R.C. 2151.414(D)(5), which requires the court to consider whether any of the factors in R .C. 2151.414(E)(7)-(11) apply. Of these factors, the magistrate found only that R.C. 2151.414(E)(10) applies with respect to T.B.'s father, as he has abandoned T.B.
 {¶ 25} After considering these factors, the magistrate found that clear and convincing evidence supports the finding that granting permanent custody to BCDJFS is in the children's best interest. We find that the record contains sufficient credible evidence to support this finding.
 {¶ 26} With respect to the second part of the test, the court applied R.C. *Page 7 2151.414(B)(1)(d), which, as stated above, involves a consideration of whether the child cannot be placed with either parent within a reasonable time or should not be placed with either parent; the child is abandoned; the child is orphaned; or the child has been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period.
 {¶ 27} The magistrate found that pursuant to R.C. 2151.414(B)(1)(d), the children have been in the temporary custody of BCDJFS for 12 or more months of a consecutive 22-month period, beginning on May 17, 2005. Appellant does not appear to dispute this finding.
 {¶ 28} Our review of the record indicates that the trial court correctly found that the children had been in the temporary custody of BCDJFS since May 17, 2005. However, the record indicates that BCDJFS filed its motion seeking permanent custody of the children on May 11, 2006. While the children had been in the temporary custody of BCDJFS for 12 or more months as of the date of the permanent custody hearing, the children had not been in the temporary custody of BCDJFS as of the date BCDJFS filed its permanent custody motion. As the Ohio Supreme Court held in In re C.W., 104 Ohio St.3d 163, ¶ 26, "* * * before a public children-services agency * * * can move for permanent custody of a child on R.C. 2151.414(B)(1)(d) grounds, the child must have been in the temporary custody of an agency for at least 12 months of a consecutive 22-month period. In other words, the time that passes between the filing of a motion for permanent custody and the permanent-custody hearing does not count toward the 12-month period set forth in R.C. 2151.414(B)(1)(d)."
 {¶ 29} However, the Court went on to state that, "[this] holding does not preclude an agency from moving for permanent custody before a child has been in the agency's temporary custody for at least 12 months. If a ground other than R.C. 2151.414(B)(1)(d) exists to support a grant of permanent custody, the agency may move for permanent custody on that other ground." Id. at ¶ 27.
 {¶ 30} In this case, in addition to the 12 of 22 finding, the magistrate also found, by *Page 8 
clear and convincing evidence, that the children cannot be placed with either parent within a reasonable time or should not be placed with either parent, which satisfies R.C. 2151.414(B)(1)(a). In support of this finding, the magistrate again cited appellant's failure to complete the case plan and comply with court orders, and her failure to address her parenting deficiencies and poor decision making. The court noted that while appellant did make some progress in the case plan, most of this was accomplished after BCDJFS filed its motion for permanent custody. In addition, the magistrate found that appellant failed continuously and repeatedly to substantially remedy the conditions that caused the children to be removed from her care.
 {¶ 31} While the magistrate erred in finding that the children had been in BCDJFS's custody for 12 or more months prior to its motion for permanent custody, we find this error to be harmless given the magistrate's additional finding that the children cannot and should not be placed with their parents within a reasonable time. After reviewing the record, including the evidence discussed above, we find that the magistrate's finding that the children cannot and should not be placed with either parent is supported by sufficient credible evidence. Appellant's assignment of error is overruled.
 {¶ 32} Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] We note that at the time of the permanent custody hearing, appellee existed as the Butler County Children Services Board, but has since been restructured such that it exists as the Butler County Department of Job and Family Services. Accordingly, we refer to appellee as BCDJFS. *Page 1